UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES O. MOORE,                )
                               )
       Plaintiff,          )        Case No. 1:14-cv-375
                               )
v.                             )        Honorable Gordon J. Quist
                               )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )        **REPORT AND RECOMMENDATION**
       Defendant.          )
_____)

      This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB). On September 25, 2015, this Court entered an order reversing the Commissioner's decision, and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 20). The matter is now before the Court on plaintiff's motions for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 21). The Commissioner has failed to respond. For the reasons set forth herein, I recommend that plaintiff's motion be granted, and that a judgment be entered in plaintiff's favor in the amount of $5,178.25.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014); *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this Court's order remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. The Commissioner has filed no response; much less has she offered any special circumstance that would warrant denial of fees, or made any attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees and other costs under the EAJA. *See* 28 U.S.C. § 2412(a)(1), (b).

### 1. Hours Claimed

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner*, 826 F.3d 878, 881(6th Cir. 2016). The Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 26.95 hours in attorney time and 4.62 hours of non-attorney law clerk time. (ECF No. 21, PageID.645). I find that this is reasonable for the work performed in this case.

### 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).

Plaintiff seeks to recover at an hourly rate of $175.00 for the attorney time and $100.00 for law clerk time. (ECF No.21, Page.ID.642, 644). The requested rate is well above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in

the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Judge Quist has endorsed a rate of up to $175.00 per hour as a reasonable rate based on the State Bar's Economics of Law Practice in Michigan survey. *Miller v. Commissioner*, No. 1:12-cv-809, 2013 WL 3283694, at *2 (W.D. Mich. June 28, 2013). Accordingly, the higher rate of $175.00 is used herein. Multiplying the 26.95 attorney hours expended by the $175.00 hourly rate results in a $4,716.25 fee total.

Judges in this district have found $100.00 per hour to be a reasonable rate for law clerk time. *See, e.g.*, *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012). Multiplying the 4.62 law clerk hours by the $100.00 hourly rate results in a $462.00 total. The lodestar grand total is $5,178.25. I find that plaintiff is entitled to recover this amount in fees under the EAJA.

      **3.**   **Judgment**

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93.

Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, her creditors, and her attorney with regard to the EAJA fees. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). Plaintiff's contractual obligations to her attorney are not part of this case.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Court enter an order granting plaintiff's motion, and that the Court enter a judgment in plaintiff's favor against defendant in the amount of $5178.25.


Dated: October 3, 2016            /s/ Phillip J. Green
                                  United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).